

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JOSE LUIS PARRA-VALENZUELA, | ) ) ) | No. 12-70069 |
| Petitioner, | ) ) | Agency No. A088-028-507 |
| v. | ) ) | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | ) ) ) ) ) | |
| Respondent. | ) ) ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2014**
San Francisco, California

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

Jose Luis Parra-Valenzuela petitions for review of the Board of Immigration

Appeals' denial of his application for cancellation of removal. See 8 U.S.C.

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

§ 1229b(b)(1). We deny the petition.

(1)    In general, we do not have jurisdiction to review decisions "regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i). However, there is an exception for "constitutional claims or questions of law." Id. § 1252(a)(2)(D); see also Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir. 2005).

(2)    Parra asserts that the BIA committed legal error when it determined that he had not shown good moral character[1] because he engaged in marriage fraud. We disagree. Marriage fraud is a factor that the BIA can consider when it exercises its discretion regarding good moral character. See 8 U.S.C. § 1101(f) (final paragraph, catch-all provision); see also Limsico v. INS, 951 F.2d 210, 213–14 (9th Cir. 1991). The record shows that the only character evidence before the BIA was the undisputed evidence that Parra had committed marriage fraud,[2] and we lack jurisdiction to review its discretionary decision that he, therefore,

---

[1] See 8 U.S.C. § 1229b(b)(1)(B) (cancellation of removal).

[2] Before us Parra suggests that the BIA should have discussed 8 U.S.C. § 1227(a)(1)(G), which refers to marriage fraud in the context of grounds for removal, but that is inapposite to the cancellation issue before us.

lacked good moral character.[3]  To the extent that Parra is making a due process claim also, nothing before us indicates that he was denied a fundamentally fair hearing.  See Guiterrez, 662 F.3d at 1091.

(3)     Finally, Parra has not presented arguments about the denial of voluntary departure[4] and has, therefore, waived any issue regarding that.[5]  If he intended that his good moral character argument would apply to both cancellation and voluntary departure, what we have said regarding cancellation would apply to both issues.

Petition DENIED.

---

[3]See Guiterrez v. Holder, 662 F.3d 1083, 1087 n.4 (9th Cir. 2011); Lopez-Castellanos v. Gonzales, 437 F.3d 848, 854 (9th Cir. 2006).

[4]See 8 U.S.C. § 1229c(b)(1)(B).

[5]See Rizk v. Holder, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011); Martinez-Serrano v. INS, 94 F.3d 1256, 1259–60 (9th Cir. 1996).